IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, and KYKO GLOBAL GMBH, a Bahamian corporation,<br>　　　　　　　　Plaintiffs,<br>v.<br>OMKAR BHONGIR,<br>an individual.<br>　　　　　　　　Defendant. | Case No. |

**COMPLAINT AND JURY DEMAND**

　　　　Plaintiffs Kyko Global, Inc. and Kyko Global GmbH (hereinafter, collectively "Kyko"), by and through their counsel, Joseph F. Rodkey, Jr. and Fowkes Rodkey, state as follows against Omkar Bhongir ("Omkar"):

**PARTIES, JURISDICTION, AND VENUE**

　　　　1.　　　Kyko Global, Inc. is a Canadian corporation with its principle place of business in Ontario, Canada.

　　　　2.　　　Kyko Global GmbH is a Bahamian corporation and is a wholly-owned subsidiary of Kyko Global Inc. with its principle place of business in the Bahamas.

　　　　3.　　　Non-party Prithvi Information Solutions Ltd. ("Prithvi") is an Indian corporation registered to do business in Pittsburgh, Pennsylvania.

　　　　4.　　　Omkar was formerly a director of Prithvi and member of its audit committee and remuneration committee.

　　　　5.　　　As set forth herein, Omkar engaged in fraudulent and negligent activities in Pittsburgh, Pennsylvania while serving as a director of Prithvi and member of its audit committee and remuneration committee.

6. Alternatively, Omkar engaged in fraudulent and negligent activities while serving as a director of Prithvi and member of its audit committee and remuneration committee outside of Pittsburgh, Pennsylvania but directed his actions to Pittsburgh, Pennsylvania.

7. Omkar currently resides in California.

8. Kyko seeks a money judgment against Omkar in an amount above $75,000.00 based upon Omkar's fraudulent and negligent conduct he committed while serving as a director of Prithvi and member of its audit committee and member of its remuneration committee.

9. This Court has personal jurisdiction over Omkar pursuant to 42 Pa. C.S.A. § 5322.

10. This Court has subject matter jurisdiction pursuant to 28 USC § 1332.

11. Venue is proper in this Court pursuant to 28 USC § 1391.

## GENERAL ALLEGATIONS

12. Kyko incorporates all preceding paragraphs by reference.

13. Kyko provides accounts receivable factoring services.

14. Prithvi is an information technology services company that is publically traded on the Indian stock exchange.

15. From approximately 2005 - 2009, Omkar was a director of Prithvi and member of its audit committee and remuneration committee who had knowledge of, among other things, Prithvi's customers and accounts receivable.

16. During this time period, Prithvi created false customers and phony accounts receivables on Prithvi's books and records ("Fraudulent Documents").

17. Omkar created, or assisted in the creation of, the Fraudulent Documents.

18. Alternatively, Omkar did not create, or assist in the creation of, the Fraudulent Documents but knew of their existence and allowed them to be disseminated to third-parties with knowledge of their falsity.

19. The Fraudulent Documents were transmitted publically to induce investors to invest in Prithvi.

20. Prithvi also provided the Fraudulent Documents to commercial lenders to induce them to loan money to Prithvi.

21. Omkar failed to take any action to have Prithvi withdraw the Fraudulent Documents after they had been disseminated to third-parties thereby allowing their fraudulent content to be concealed from third-parties.

22. Omkar knew that the Fraudulent Documents would be provided to commercial lenders to induce them to loan money after his employment with Prithvi was terminated.

23. Alternatively, Omkar should have known that the Fraudulent Documents would be provided to commercial lenders to induce them to loan money after his employment with Prithvi terminated.

24. After Omkar ceased being a director of Prithvi and member of its audit committee and remuneration committee, Prithvi transmitted the Fraudulent Documents to Kyko to try to induce Kyko to enter into a factoring agreement.

25. Kyko subsequently reviewed the Fraudulent Documents to determine Prithvi's eligibility to receive a loan.

26. After this review was completed and believing the Fraudulent Documents to actually be legitimate, Kyko entered into an accounts receivable factoring agreement with Prithvi ("Factoring Agreement").

27. Kyko failed to receive the required payments under the Factoring Agreement.

28. Kyko subsequently learned that the Fraudulent Documents were actually fraudulent.

29. Consequently, Kyko filed a lawsuit against Prithvi, among others, in the United States District Court for the Western District of Washington based upon the Fraudulent Documents and the Factoring Agreement, case no. 2:13-CV-1034 ("Washington Lawsuit").

30. In June 2016, the Judge in the Washington Lawsuit entered a $100,738,980.00 money judgment against Prithvi, among others, based on fraud and civil racketeering.

31. During the course of the Washington Lawsuit, Kyko discovered Omkar's involvement with the Fraudulent Documents as discussed above.

32. Omkar was not made a party to the Washington Lawsuit because, among other things, the Washington court lacked personal jurisdiction over Omkar.

## **COUNT I - FRAUD**

33. Kyko incorporates all preceding paragraphs by reference.

34. Through Omkar's involvement with the Fraudulent Documents as set forth above, Omkar represented to Kyko that the Fraudulent Documents were true and correct.

35. Kyko relied upon the Fraudulent Documents to enter into the Factoring Agreement.

36. Omkar knew that the Fraudulent Documents were actually false or was reckless by failing to determine whether or not they were actually false.

37. Omkar's representation was done with the intent that the public at large and commercial lenders such as Kyko would rely upon it.

38. Kyko justifiably relied upon the Fraudulent Documents when deciding to enter in to the Factoring Agreement because they appeared to represent Prithvi's ability to pay under the Factoring Agreement.

39. Kyko suffered damages due to their reliance upon the Fraudulent Documents because Kyko would not have entered into the Factoring Agreement if it had known that the Fraudulent Documents were actually fraudulent and Omkar's conduct was otherwise a substantial contributing factor that caused Kyko to suffer damages.

**WHEREFORE,** Kyko requests this Court to enter a money judgment against Omkar in an amount above $75,000.00 and award Kyko their attorney fees and costs.

## **COUNT II - NEGLIGENCE**

40. Kyko incorporates all preceding paragraphs by reference.

41. Omkar had a duty to conduct due diligence and to otherwise undertake all actions necessary to ensure that Prithvi's customers and accounts receivable were accurately reflected on Prithvi's books and records.

42. Omkar had a duty to ensure that any false information pertaining to Prithvi's customers and accounts receivable would not be disseminated to the public at large and to commercial lenders such as Kyko.

43. Omkar breached these duties because he failed to conduct due diligence and to otherwise undertake all actions necessary to ensure that Prithvi's customers and accounts receivable were accurately reflected on Prithvi's books and records.

44. Omkar breached these duties because he failed to take any action to prevent the Fraudulent Documents from being disseminated to the public at large and to commercial lenders such as Kyko.

45. Omkar breached these duties because he failed to take any action to have Prithvi withdraw the Fraudulent Documents upon learning that they were disseminated to the public at large and to commercial lenders such as Kyko.

46. Omkar's breaches of his duties caused Kyko to rely upon the Fraudulent Documents to decide to enter into the Factoring Agreement as they appeared to indicate Prithvi's ability to make payments under the Factoring Agreement.

47. Kyko suffered damages due to their reliance upon the Fraudulent Documents because Kyko would not have entered into the Factoring Agreement if it had known that the Fraudulent Documents were actually fraudulent and Omkar's conduct was otherwise a substantial contributing factor that caused Kyko to suffer damages.

**WHEREFORE,** Kyko requests this Court to enter a money judgment against Omkar in an amount above $75,000.00 and award Kyko their attorney fees and costs.

Respectfully Submitted,

*/s/ Joseph F. Rodkey, Jr.*
Pa. I.D. No. 66757

*/s/ Matthew Junker*
Pa. I.D. No. 312356

FOWKES ♦ RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont, PA 15139

(412) 828-2802 (Phone)
(412) 828 2588 (Fax)
jrodkey@fowkesrodkey.com

*Counsel for Plaintiffs,*
*Kyko Global, Inc.*
*Kyko Global GmbH*