IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, and KYKO GLOBAL GmbH, a Bahamian corporation,<br>                         Plaintiffs,<br>v.<br><br>OMKAR BHONGIR,<br>an individual.<br>                         Defendant. | Case No.  2:17-cv-212-DSC |

**PLAINTIFFS' BRIEF IN OPPOSTION TO DEFNDANT'S MOTION TO STAY**

AND NOW, comes Plaintiffs, Kyko Global, Inc. and Kyko Global GmbH (collectively "Kyko"), by and through their undersigned attorneys, with their Brief in Opposition to Defendant's Motion to Stay (the "Motion") as follows:

**STATEMENT OF FACTS**

On February 14, 2017, Kyko filed their Complaint against Omkar Bhongir ("Bhongir"). [Doc. No. 1]. The Complaint alleges Fraud and Negligence against Bhongir regarding his involvement with false accounts receivable that were generated to induce Kyko to issue a loan to Prithvi Information Solutions Ltd. ("Prithvi" - non party).

On March 29, 2017, this Court entered a case management order.  [Doc. No. 7]. The case management order required the parties to meet and confer and to submit a joint Rule 26(f) report.

On March 29, 2017, Bhongir sent Kyko a letter threatening to file a Rule 11 sanctions motion against Kyko for filing the Complaint. **(Exhibit A)**.  The letter, among other

things, unequivocally states that Bhongir was not on Prithvi's audit committee that managed Prithvi's accounts receivable.

On March 30, 2017, this Court set May 26, 2017, as the case management conference. [Doc. No. 8].

On April 4, 2017, Kyko sent Bhongir a response letter that states his threat to file Rule 11 sanctions is substantively and procedurally improper.  **(Exhibit B).**  The response letter also states that Kyko has documentation that demonstrates Bhongir was on Prithvi's audit committee and that, upon receiving Kyko's Complaint, Bhongir immediately corresponded with a former colleague who admitted that he, the former colleague, committed financial fraud against Kyko.  The response letter also states that Bhongir, while at Prithvi, worked with two executives who are currently hiding from the FBI in India to try to escape likely federal criminal prosecution for the financial fraud they committed against Kyko and others; and that upon information and belief, Bhongir is an alleged felon facing criminal charges in India for financial crimes he committed against a Japanese company.

On April 17, 2017, Bhongir filed a Motion to Dismiss the Complaint Pursuant to Rule 12(b)(2), Rule 12(b)(3), and Rule 12(b)(6) ("Motion to Dismiss").  [Doc. Nos. 12, 13].

On April 18, 2017, this Court set a briefing schedule regarding the Motion to Dismiss. [Doc. No. 14].  Kyko's response and brief to the Motion to Dismiss is due on or before May 17, 2017.  Bhongir's reply brief is due on or before May 31, 2017.

On April 21, 2017, and prior to meeting to discuss the Rule 26(f) report and prior to Kyko filing its response to the Motion to Dismiss, Bhongir filed this Motion to Stay ("Motion"). [Doc. Nos. 15, 16].  The Motion seeks "to stay this matter **pending** the Court's

decision on Defendant's Motion to Dismiss **for lack of personal jurisdiction**" [Doc. No. 16; Pg. 1] (emphasis added).

Even though Bhongir filed a motion to stay discovery, on April 25, 2017, the parties conducted a telephonic Rule 26(f) conference. Among other things, the parties agreed to make initial disclosures within 14 days of the conference as set forth under Rule 26(a)(1)(C).

As set forth below, there is no legal basis for this Court to stay this proceeding and Bhongir's agreement to submit initial disclosures within 14 days under Rule 26(a)(1)(C) renders this Motion moot.

## ARGUMENT

**A.     There Is No Basis to Stay Discovery**

**1.     Standard of Review**

This Court's Practices and Procedures states as follows:

**Stay of Discovery**
Judge Cercone' s general policy **is not** to grant requests for a stay of discovery during the pendency of a dispositive motion unless the grounds for a stay are **obvious**. His preference is to have the parties to move forward with developing the substance of a case. He will, however, entertain motions to stay.
(Pg. 3)(emphasis added).

A court has inherent power to stay proceedings to control its docket to achieve economy of time and effort for itself, counsel, and litigants. Bechtel Corp. v. Local 215, Laborers' Int'l Union of North America, AFL-CIO, 544 F.2d 1207, 1215 (3rd Cir. 1976). However, "[a] stay of discovery is not appropriate *solely* because a motion to dismiss is pending." North American Communications Inc. v. Infoprint Solutions Company LLC, 2011 WL 4571727, Doc. No. 3:08-288, at *2 (W.D. Pa. July 13, 2011) (emphasis added). "'Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case

management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" Norfolk Southern Railway Co. v. Power Source Supply Inc., 2007 WL 709312, Doc. No. 3:06 - 58, at *1 (W.D. Pa. March 5, 2007)(citations omitted). A stay should not be entered when "discovery is [needed]" to rule on a motion to dismiss. Id. (citation omitted).[1]

"It is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Toys "R" Us Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3rd Cir. 2003)(emphasis added). The Court further stated:

> Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker,* 292 F.3d at 368, courts are to assist the plaintiff by **allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous."** *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir.1997). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992), the plaintiff's right to conduct jurisdictional discovery should be sustained.
>
> **Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction**. *See, e.g.*, *In re Automotive Refinishing Paint Antitrust Litigation,* 2002 WL 31261330, at *9 (E.D.Pa. July 31, 2002)* (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants"); *W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.,* 968 F.Supp. 996, 1001 (D.N.J.1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.,* 1989 WL 136277, at *1 (E.D.Pa. Nov.8, 1989) (holding motion to dismiss in abeyance to

---

[1] Bhongir's reliance on Norfolk is misplaced (Bhongir Brf. Pg. 4). In this case, jurisdictional discovery was not at issue. Plaintiff merely attempted to engage in discovery *after* "the Parties ... fully briefed the jurisdiction issue and await[ed] only the Court's ruling." Id. at *2. It was in this context that the court stayed discovery. Here, Kyko has not even been given a chance to respond to Bhongir's Motion to Dismiss, let alone have an opportunity to request this Court to permit Kyko to conduct jurisdictional discovery.

permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts).

Toys "R" Us 318 F.3d at 456 (emphasis added)

As further stated in Oticon Inc. v. Sebotek Hearing Systems LLC, 865 F.Supp.2d 501, 507 (D. N.J. 2011):

> Where no jurisdictional discovery has been taken, the court must accept the plaintiff's complaint's allegations as true and resolve all factual disputes in the plaintiff's favor in ruling on the motion to dismiss. *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201 (Fed.Cir.2003). However, once the plaintiff has been granted discovery, the plaintiff "cannot rely on the allegations of its complaint." *The Russian Am. Spirits Co. v. Heublein, Inc.,* 936 F.Supp. 177, 192 (D.Del.1996) (citing *Stranahan Gear Co. v. NL Indus. Inc.,* 800 F.2d 53, 58 (3d Cir.1986)).
>
> Rather, Plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Id.* (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n. 9 (3d Cir.1984)). In essence, plaintiff must point to evidence of specific facts in the record in support of its contention that jurisdiction exists. *Id.* With such a supplemented record before it, a district court is then empowered to "determine whether it has personal jurisdiction" once "the record is complete...." *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.,* 395 F.3d 1275, 1283 (Fed.Cir.2005)

**2. Bhongir's Motion Should Be Denied Because it Preemptively Seeks to Preclude Kyko From Conducting Jurisdictional Discovery in Opposition to Bhongir's Motion to Dismiss**

Bhongir's Motion is specious. Under the guise of promoting judicial economy and conserving economic resources, it is actually designed to preemptively preclude Kyko from conducting jurisdictional discovery in opposition to Bhongir's Motion to Dismiss based upon lack of personal jurisdiction under Rule 12(b)(2).

After Bhongir's threat to sanction Kyko failed, and realizing that he needed to devise a procedural plan to try to escape the consequences of his tortious conduct, Bhongir filed the Motion to Dismiss. Bhongir seeks, among other things, dismissal based on a purported lack

of personal jurisdiction to try to unnecessarily drive up Kyko's litigation costs by having to potentially litigate this case in California.  In support of his argument, Bhongir attaches a self-serving affidavit to his Motion to Dismiss to try to show that he does not have sufficient contact with Pennsylvania for this Court to exercise personal jurisdiction over him.  [Doc. No. 13; Exhibit 1].

The Complaint, which this Court must accept as true when initially reviewing a 12(b)(2) motion, states that Prithvi is an Indian corporation registered to do business in Pittsburgh, Pennsylvania. (Complaint ¶ 3).  Bhongir was formerly a director of Prithvi and member of its audit committee and remuneration committee. (Complaint ¶ 4).  Bhongir acted fraudulently, or negligently, with respect to the creation of bogus accounts receivable that were used to induce lenders such as Kyko to enter into loan agreements.  (Complaint ¶ 33-47). Bhongir conducted these activities while physically located in Pittsburgh, Pennsylvania or performed these activities outside Pittsburgh, Pennsylvania but directed his activities to Pittsburgh, Pennsylvania. (Complaint ¶ 5-6).  Accordingly, Kyko's Complaint demonstrates that Bhongir committed fraudulent and negligent activities in Pittsburgh and/or directed his activities to Pittsburgh.

After receiving the Complaint, and prior to drafting his affidavit, Bhongir tried to assert that he was "incorrectly" listed on Prithvi's audit committee (Exhibit A) in an attempt to try to distance himself from being involved with Prithiv's accounts receivable and to distance himself from participation in corporate activities taking place in Pittsburgh.  Kyko informed Bhongir that there is documentation that demonstrates he was actually on the audit committee and, moreover, his denial was not credible because: (i) immediately upon being served with Kyko's Complaint in this case, Bhongir corresponded with a former colleague who has admitted

- 6 -

he committed financial fraud against Kyko; (ii) Bhongir, while at Prithvi, worked with two executives who are currently hiding from the FBI in India to try to escape likely federal criminal prosecution for the financial fraud they committed against Kyko and others; and (iii), upon information and belief, Bhongir is an alleged felon facing criminal charges in India regarding financial crimes he committed against a Japanese company (Exhibit B).

After receiving Kyko's response, Bhongir now seeks to stay all discovery "pending the Court's decision on Defendant's Motion to Dismiss for lack of personal jurisdiction." This is clearly a preemptive strike designed to prevent Kyko, prior to this Court's ruling on the Motion to Dismiss, from challenging the assertions made in Bhongir's affidavit by conducting Bhongir's deposition and to otherwise prevent Kyko from conducting jurisdictional discovery to obtain additional facts in support of the Complaint's jurisdictional allegations. As set forth in the Complaint and Kiran Kulkarni's declaration **(Exhibit C)**, Plaintiff has established its right to conduct jurisdictional discovery.[2] Accordingly, this Court should deny Bhongir's Motion and enter an order that permits Kyko to conduct jurisdictional discovery prior to the Court's ruling on the Motion to Dismiss.[3]

### 3. Bhongir Has Agreed to Engaged in Discovery Which Renders This Motion Moot

On April 25, 2017, the parties conducted a telephonic Rule 26(f) conference. Regarding Paragraph 7 of this Court's Rule 26(f) report form, Bhongir's counsel explicitly agreed to make initial disclosures within 14 days of the conference pursuant to Rule 26(a)(1)(C) even though this Motion is pending to stay *all* discovery.

---

[2] Kyko should be permitted to conduct jurisdictional discovery especially considering many of the facts related to Bhongir's contacts with Pennsylvania are only known to Bhongir. See Toys "R" Us 318 F.3d at 457 (ordering jurisdictional discovery because "[i]nformation, known only to [Defendant], would speak to an essential element of the personal jurisdiction calculus."

[3] On April 25, 2017, the parties conducted a Rule 26(f) conference wherein the parties agreed that discovery should not proceed in phases. This stipulation is regarding discovery to be conducted *after* the Court ruled on the Motion to Dismiss and the case proceeded in this Court.

Like the request for a stay, Bhongir's stipulation under Rule 26(a)(1)(C) is specious. It is offered under the guise of cooperating to formulate a discovery plan, but in actuality the stipulation is aimed at selectively obtaining information from Kyko to use in Bhongir's Reply Brief in Support of the Motion to Dismiss. Accordingly, Bhongir is trying to "have his cake and eat it too": On the one hand he tells the Court he wants to stay *all* discovery, but on the other he wants to allow minimal discovery to occur because he believes it would be advantageous to obtain information that can be used in his Reply Brief in Support of the Motion to Dismiss.

Bhongir's duplicity renders this Motion moot. Bhongir has agreed to engage in discovery pursuant to Rule 26(a)(1)(C) and Kyko otherwise has the right to immediately conduct discovery because the parties have participated in the Rule 26(f) conference. See Rule 26(d)(1)( "A party may not seek discovery from any source *before* the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order"(emphasis added). Accordingly, Bhongir's Motion should be denied as moot.[4]

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, this Court should deny Bhongir's Motion and enter an order that permits Kyko to conduct jurisdictional discovery prior to this Court's ruling regarding Bhongir's Motion to Dismiss.

Respectfully submitted,

---

4 Nothing in this response shall be construed as a waiver of Kyko's right to raise additional/different facts and arguments in their Opposition to the Motion to Dismiss.

/s/ Joseph F. Rodkey, Jr.
Pa. I.D. No. 66757

/s/ Matthew Junker
Pa. I.D. No. 312356

FOWKES ♦ RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont, PA 15139

(412) 828-2802 (Phone)
(412) 828-2588 (Fax)
mjunker@fowkesrodkey.com

*Counsel for Plaintiffs,*
*Kyko Global, Inc.*
*Kyko Global GmbH*

Dated: May 5, 2017

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF Notification System on this 5th day of May, 2017 upon the following:

Marta A. Stein, Esq.
McGuire Woods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
mstein@mcguirewoods.com

Laura A. Lange, Esq.
McGuire Woods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
llange@mcguirewoods.com

*/s/ Matthew Junker*